# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT



LARRY NATHAN MINTER,
 *Petitioner-Appellant,*

   v.     No. 99-7255

THEODIS BECK; CLIFF JOHNSON,
  *Respondents-Appellees.*

LARRY NATHAN MINTER,
 *Petitioner-Appellee,*

   v.     No. 99-7256

THEODIS BECK; CLIFF JOHNSON,
  *Respondents-Appellants.*

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-99-30-1)

Argued: September 26, 2000

Decided: October 20, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded with instructions by published opinion. Senior
Judge Hamilton wrote the opinion, in which Judge Wilkins and Judge
Luttig joined.

---

## COUNSEL

**ARGUED:** Winifred Helen Dillon, NORTH CAROLINA PRIS-
ONER LEGAL SERVICES, INC., Raleigh, North Carolina, for
Appellant. Clarence Joe DelForge, III, Assistant Attorney General,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellees. **ON BRIEF:** Michael F. Easley, Attorney
General, Diane A. Reeves, Assistant Attorney General, NORTH
CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Caro-
lina, for Appellees.

## OPINION

HAMILTON, Senior Circuit Judge:

On June 16, 1994, Larry Nathan Minter (Minter) pled guilty in
North Carolina state court to multiple state drug trafficking violations
and related offenses for which he received a twenty-five year sentence
of imprisonment. On February 24, 1999, Minter filed a petition for a
writ of habeas corpus in the United States District Court for the West-
ern District of North Carolina pursuant to 28 U.S.C. § 2254. In his
§ 2254 petition, Minter claimed that his June 1994 convictions and
sentence constituted impermissible double jeopardy under the Double
Jeopardy Clause of the Fifth Amendment to the United States Consti-
tution because he had already been prosecuted and punished for the
same conduct when North Carolina assessed $33,472.04 in taxes
against him pursuant to North Carolina's controlled substance tax
(North Carolina's Controlled Substance Tax), *see* N.C. Gen. Stat.
§§ 105-113.105 through 105-113.113, and obtained a judgment
against him in state court for the same amount.

The district court agreed with Minter that a violation of his rights
under the Double Jeopardy Clause had occurred. However, the district
court concluded that the appropriate remedy for the violation was pro-
scription of the assessment and collection of North Carolina's Con-
trolled Substance Tax against him, rather than vacatur of his
convictions and sentence. Accordingly, the district court entered a
judgment: (1) sustaining Minter's June 1994 convictions and sen-

tence; (2) denying his § 2254 petition; (3) stating that assessment and collection of North Carolina's Controlled Substance Tax with respect to Minter "constitutes a violation of his Fifth Amendment rights and is therefore proscribed"; and (4) stating that "this proceeding is hereby DISMISSED in its entirety on the merits." (J.A. 69).

Minter now appeals the district court's judgment on the ground that the district court should have vacated his June 1994 convictions and sentence instead of proscribing assessment and collection against him of North Carolina's Controlled Substance Tax. North Carolina cross-appeals, challenging, *inter alia*, the portion of the district court's judgment proscribing assessment and collection of North Carolina's Controlled Substance Tax against Minter and the district court's refusal to dismiss Minter's § 2254 petition as time-barred.

On February 24, 2000, we granted a certificate of appealability as to whether North Carolina's Controlled Substance Tax is a criminal penalty and whether subjecting a defendant to both assessment of the tax and criminal prosecution, based upon possession of the same drugs, constitutes double jeopardy in violation of the Double Jeopardy Clause. Our review of this case reveals that Minter's § 2254 petition is time-barred. Accordingly, we do not address the double jeopardy argument raised by Minter. Because Minter's § 2254 petition is time-barred, we vacate the district court's judgment in its entirety and remand with instructions that Minter's § 2254 petition be dismissed as time-barred.

I.

As previously stated, on June 16, 1994, Minter pled guilty in North Carolina state court to multiple state drug trafficking violations and related offenses for which he received a twenty-five year sentence of imprisonment. On June 17, 1998, Minter filed a motion for appropriate relief in North Carolina state court, pursuant to North Carolina General Statute § 15A-1411, collaterally challenging these convictions as violative of his rights under the Double Jeopardy Clause. According to Minter's motion, his convictions in June 1994 constituted impermissible double jeopardy because he had already been prosecuted and punished in the prior month for the same conduct when North Carolina assessed $33,472.04 in taxes against him pursu-

ant to North Carolina's Controlled Substance Tax and obtained a judgment against him in state court for the same amount.

On June 26, 1998, the state trial court denied Minter's motion for appropriate relief on two grounds: (1) that his guilty plea constituted a waiver of his right to challenge his June 1994 convictions as violative of the Double Jeopardy Clause; and (2) relying on *State v. Ballenger*, 472 S.E.2d 572 (N.C. Ct. App. 1996), *aff'd per curiam*, 481 S.E.2d 84 (N.C. 1997), that imposition of the drug tax on Minter did not bar North Carolina from subsequently prosecuting him for the various drug crimes of which he was convicted. On September 1, 1998, the North Carolina Court of Appeals denied Minter's petition for a writ of certiorari in which he sought review of the denial of his motion for appropriate relief.

On February 24, 1999, Minter filed his § 2254 petition raising the same double jeopardy argument that he raised in his motion for appropriate relief in state court. North Carolina opposed the petition on the grounds that it was time-barred, that Minter's guilty plea constituted a waiver of his right to argue that his June 1994 convictions violated the Double Jeopardy Clause, and on the merits. The district court rejected North Carolina's untimely petition and waiver arguments. Furthermore, the district court concluded that Minter's rights under the Double Jeopardy Clause had been violated. However, as previously stated, the district court concluded that the appropriate remedy for this violation was proscription of the assessment and collection of North Carolina's Controlled Substance Tax against him, rather than vacatur of his convictions and sentence. Accordingly, on July 23, 1999, the district court entered the judgment previously described. These timely appeals followed.

## II.

Dispositive of this entire appeal is our agreement with North Carolina's contention that Minter's § 2254 petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For prisoners like Minter, whose convictions became final *prior to* the effective date of the AEDPA, the one year period was not triggered by the date the conviction became final, but instead by the effective date of the AEDPA, April 24, 1996. *See Hernandez v. Caldwell*, No. 98-7640, 2000 WL 1218361, at *3 (4th Cir. Aug. 28, 2000). However, Minter did not file his motion for appropriate relief in state court until June 17, 1998 and did not file his § 2254 petition until February 24, 1999.

Minter's § 2254 petition is clearly time-barred. Although the period of time that Minter spent pursuing state post-conviction relief is excluded from the one year limitation period, *see* 28 U.S.C. § 2244(d)(2), more than one year had otherwise elapsed from April 24, 1996 until he filed his § 2254 petition. Minter acknowledges this fact, but argues that his petition is still timely under 28 U.S.C. § 2244(d)(1)(B), because he filed his petition within one year of the date an impediment created by North Carolina was removed. Minter identifies the impediment as the North Carolina case law holding that North Carolina's Controlled Substance Tax does not constitute a

criminal penalty for purposes of the Double Jeopardy Clause. *See Ballenger*, 472 S.E.2d at 572-75. According to Minter, this alleged impediment was removed on January 13, 1998 when we issued our decision in *Lynn v. West*, 134 F.3d 582 (4th Cir. 1998). In *Lynn*, we held that North Carolina's Controlled Substance Tax constituted a criminal penalty for purposes of the Double Jeopardy Clause. *See id.* at 584. Boiled down to its essentials, Minter's argument is that he did not initiate the habeas process raising his double jeopardy claim prior to our decision in *Lynn* because to have done so would have been futile in light of established North Carolina precedent.

Minter's argument rests on the flawed assumption that the term "impediment," as found in § 2244(d)(1)(B), is synonymous with the term "futile." The terms are far from synonymous. Because the term "impediment" is not defined in the AEDPA, we turn to the dictionary definition for its common meaning. *See United States v. Lehman*, No. 98-1307, 2000 WL 1199414, at *3 (4th Cir. Aug. 23, 2000) (turning to dictionary definition of statutory term not defined in statute for term's common meaning). Random House Webster's Unabridged Dictionary defines the term "impediment" as "obstruction; hindrance; [or] obstacle." 959 (2d ed. 1998). The same dictionary defines the term "futile" as "incapable of producing any result; ineffective; useless; [or] not successful." *Id.* at 778. These definitions make clear that the chief distinction between these two terms is that the term "impediment" speaks to hindering an effort while the term "futile" speaks to an unsuccessful result of an already undertaken effort.

Thus, while an effort by Minter to obtain habeas relief prior to *Lynn* may have been incapable of producing a successful result, the effort itself was still possible. In short, the North Carolina case law holding that North Carolina's Controlled Substance Tax is not a criminal penalty for purposes of the Double Jeopardy Clause was never an impediment to Minter filing a timely § 2254 petition. Rather, at most, the case law may have meant that his effort in obtaining habeas relief in state court would have been futile. Such futility, however, is not a valid justification for filing an untimely § 2254 petition. As the Supreme Court has recognized in the analogous context of proving "cause" for procedural default of a habeas claim, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523

U.S. 614, 623 (1998) (internal quotation marks omitted). "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Engle v. Isaac*, 456 U.S. 107, 130 (1982) (footnote omitted).

Next, Minter argues that even if we reject his argument that North Carolina case law served as an "impediment," as that term is found in § 2244(d)(1)(B), to his filing a § 2254 petition until our opinion issued in *Lynn*, the district court correctly determined that the one year period was equitably tolled until our decision in *Lynn* was issued. We reject this argument as well. While we have recently held that the AEDPA's one year limitation period is subject to the discretionary doctrine of equitable tolling, *see Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000), the circumstances under which we held equitable tolling to be appropriate under the AEDPA are not present here. We held that equitable tolling of the AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. As previously explained, Minter's failure to timely file his § 2254 petition was not due to a circumstance external to his own conduct. Accordingly, the district court abused its discretion in determining that Minter was entitled to equitable tolling.

Because Minter's petition was time-barred, we vacate the district court's judgment in its entirety and remand with instructions that Minter's petition be dismissed as time-barred.

*VACATED AND REMANDED WITH INSTRUCTIONS*