**Gerry (A/K/A Garry) Anthony HAIRSTON, Petitioner,**

v.

**Theodis BECK, Secretary of the Dept. of Correction, Respondent.**

**No. 1:04 CV 395.**

United States District Court, M.D. North Carolina.

Nov. 8, 2004.

Gerry Anthony Hairston, Yanceyville, NC, pro se.

Clarence Joe Delforge, III, N.C. Department of Justice, Raleigh, NC, for Defendant.

### JUDGMENT

OSTEEN, District Judge.

On September 10, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). No objections were received by the court within the time prescribed by the statute.

The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [Pleading No. 4] be **GRANTED,** that Petitioner's motion for habeas corpus relief [Pleading No. 1] be **DENIED,** and that this action be dismissed with prejudice. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DIXON, United States Magistrate Judge.

This matter is before the court on Respondent's motion for summary judgment (docket no. 4). Petitioner has responded by filing a memorandum in support of his petition (docket no. 7) and an affidavit with attachments (docket no. 10). In this posture, the matter is ripe for disposition. For the reasons discussed herein, it will be recommended that Respondent's motion for summary judgment be granted and

that Petitioner's habeas petition be dismissed as time-barred.

### Background

Petitioner Gerry (A/K/A Gary) Anthony Hairston is a state court prisoner who pled guilty to robbery with a dangerous weapon and common law robbery in the Superior Court of Stokes County, A. Moses Massey, judge presiding. Petitioner was sentenced to 84–110 months imprisonment by a judgment and commitment entered July 10, 2001. Petitioner was represented by Jim Dellinger and did not appeal. More than two years later, on September 4, 2003, Petitioner filed a *pro se* motion for appropriate relief (MAR) in the Superior Court of Stokes County. Judge Massey summarily denied this MAR on December 17, 2003. Shortly thereafter, Petitioner filed a *pro se* petition for writ of mandamus. The mandamus petition was dated December 29, 2003, and filed in the North Carolina Court of Appeals on January 2, 2004. Mandamus was denied on January 16, 2004. Even before mandamus was denied, Petitioner dated a *pro se* certiorari petition on January 13, 2004, and filed it in the North Carolina Court of Appeals on January 20, 2004. Certiorari was denied on February 10, 2004. Petitioner dated his *pro se* federal habeas application to this court on April 1, 2004, and it was filed on May 6, 2004.

### Contentions

Petitioner contends that (a) the trial court erred by accepting Petitioner's plea agreement to robbery with a dangerous weapon even though it was not supported by the facts and evidence of the case and all the essential elements of the crime; and (b) Petitioner's conviction and resulting sentence was obtained as a direct result of ineffective assistance of counsel.

### Discussion

■ Respondent's first defense is that the statute of limitations on federal habeas corpus actions bars the petition before this court. For the reasons set out below, this court concludes that Respondent is correct. Petitioner's petition is time-barred, and summary judgment should, therefore, be granted in favor of Respondent on this ground alone.

Petitioner did not appeal his conviction, and his case became final for purposes of direct review on July 10, 2001, the date of the judgment and commitment in the superior court. Petitioner's sentence (84–110 months) was in the mitigated range for a Class D Felony at a prior record level V. Because this sentence was lower than the presumptive range of minimum sentences, Petitioner had no appeal as of right. *See* N.C. GEN. STAT. § 15A–1444(a1); *Bobbitt v. Walker,* No. 5:01CV36–1–MU, 2001 WL 34013446 (W.D.N.C. July 11, 2001)(unpublished)(noting that, when a petitioner receives a correct, lawful sentence with a minimum term falling within the presumptive range for the class of his consolidated convictions and his prior record level, he has no right to appeal; citing N.C. GEN. STAT. § 15A–1444(a1)), *appeal dismissed,* No. 01–7190, 20 Fed.Appx. 229, 2001 WL 1230802 (4th Cir. Oct.15, 2001). Therefore, the statute of limitations under 28 U.S.C. § 2244(d)(1) began running immediately upon the judgment. Petitioner's one-year statute of limitation ran for 365 days from July 10, 2001, until it fully expired on July 10, 2002. Thus, Petitioner's federal habeas petition is nearly two years out of time.

■ None of Petitioner's three filings in the interim between the expiration of the limitation period and this federal petition tolled the one-year period of limitation under 28 U.S.C. 2244(d)(2). Once the one-year statute of limitation had fully expired

on July 10, 2002, no subsequent motion or petition could revive it. *See Minter v. Beck,* 230 F.3d 663 (4th Cir.2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation).

 Petitioner's argument that the time limitation under 28 U.S.C. 2244(d)(1) should not apply to his case is without merit. In an obvious response to Respondent's argument on the statute of limitations, Petitioner asserts that the limitations period should not be enforced because he did not obtain the affidavit of the Walnut Cove Police Chief, Barry Conoway, until after August 1, 2003. Memorandum p. 9 (docket no. 7). This affidavit says that Petitioner used a note in the commission of his crime, perhaps indicating that there were no weapons involved. *See* Affidavit attached to Memorandum (docket no. 7). Petitioner appears to be alluding to the requirement that under 28 U.S.C. §§ 2244(d)(1)(D), the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Suffice it to say that, no matter when the police officer's affidavit became available, this court fully expects that Petitioner knew whether or not he had used a gun in the commission of his crime when he accepted his plea agreement. Indeed, Petitioner's own filings show that to be the case. Specifically, excerpts from the plea colloquy attached to Petitioner's affidavit filed on June 3, 2004, show that the factual summary presented in the superior court to support the plea agreement recounted that a prospective witness would testify that she saw the butt of a gun in Petitioner's waistband in one instance, and in the other instance Petitioner said that he had a gun. Affidavit p. 9 of 10 (docket no. 10). Therefore, Petitioner has no cognizable argument in opposition to the statute of limitations defense.

### Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Respondent's Motion for Summary Judgment (docket no. 4) be **GRANTED** and that Petitioner's habeas petition (docket no. 1) be **DISMISSED** as time-barred.

Sept. 10, 2004.