Jason Glenn WINECOFF, Petitioner,

v.

James B. FRENCH, Admin., Lanesboro
Correctional Inst., Respondent.

No. 1:04CV00703.

United States District Court,
M.D. North Carolina.

Nov. 30, 2004.

Jason G. Winecoff, Polkton, NC, pro se.

Clarence Joe Delforge, III, N. C. Department of Justice, Raleigh, NC, for Defendant.

## JUDGMENT

BEATY, District Judge.

On October 26, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). No objections were received by the court within the time prescribed by the statute.

The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss on statute of limitations grounds [Pleading No. 4] be **GRANTED**, that Petitioner's writ of habeas corpus [Pleading No. 2] be **DENIED**, and that this action be dismissed with prejudice. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DIXON, United States Magistrate Judge.

This matter is before the court on Respondent's motion to dismiss on statute of limitations grounds (docket no. 4). Petitioner has responded in opposition to the motion (docket no. 8). In this posture, the matter is ripe for disposition.

### I. Background

Petitioner is a state court prisoner serving two consecutive sentences of 96–125 months and 204–254 months in the North Carolina Department of Corrections on convictions of robbery with a dangerous weapon and attempted first-degree murder. Petitioner pled guilty to these charges in the Superior Court of Cabarrus County on April 25, 1995, James C. Davis, Judge Presiding. Petitioner was represented by James C. Johnson and did not appeal.

After his conviction, Petitioner filed several motions in the state courts. Petitioner filed a Motion for Appropriate Relief (MAR) on October 23, 2003, which was denied on October 31, 2003. Petitioner filed a petition for discretionary relief on March 18, 2004, which was denied on April 7, 2004. Petitioner filed a second MAR on February 24, 2004, which was denied on March 12, 2004. On August 9, 2004, Petitioner's pro-se federal habeas petition was filed.

In his federal habeas petition, Petitioner generally claims that his convictions are infirm because: 1) his plea of guilty was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea; and 2) he was denied effective assistance of counsel (docket no. 2). Respondent argues that this federal petition was filed outside the statute of limitations set out in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, Title 28 U.S.C. § 2244(d)(1). Brief, pp. 2–10 (docket no. 5). Because I believe that Respondent is correct, I will address only the statute of limitations issue.

### II. Discussion

Under the AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed in the federal court within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled while a properly filed state post-conviction proceeding is pending, see 28 U.S.C. 2244(d)(2); and can be tolled to ensure equity in the "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation peri-

od against the party and gross injustice would result." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000); *see also Spencer v. Sutton,* 239 F.3d 626 (4th Cir. 2001). Nevertheless, subsequent motions or petitions cannot revive a period of limitation that has already run. *See Minter v. Beck,* 230 F.3d 663 (4th Cir.2000) (federal habeas claim was time-barred because "more than one year had otherwise elapsed from April 24, 1996, until [the petitioner] filed his § 2254 petition").

 Petitioner's conviction was final no later than 10 days after he pled guilty on April 25, 1995. See N.C.R. App. P., Rule 4(a) (10 days to file notice of appeal amended to allow 14 days effective October 31, 2001). Because Petitioner did not file a notice of appeal within the required time period, however, his conviction became final on April 25, 1995.

Because his conviction preceded the April 24, 1996, adoption of the AEDPA, Petitioner had one year from that time, until April 24, 1997, to file his federal habeas petition under the AEDPA's period of limitation. *See Hernandez v. Caldwell,* 225 F.3d 435 (4th Cir.2000) (prisoners whose cases became final on direct review prior to the AEDPA had until April 24, 1997, to file federal habeas petition under the one-year period of limitation of 28 U.S.C. § 2244(d)(1)); *Brown v. Angelone,* 150 F.3d 370 (4th Cir.1998) (petitioner whose conviction became final on direct review before enactment of the AEDPA had one year after enactment to file federal habeas petition). Because no state petitions had been filed or were pending at the time, Petitioner's statute of limitations for filing a federal habeas petition ran on April 24, 1997. Petitioner's state proceedings begun after that date did not revive the already expired statute of limitations, and no grounds for equitable tolling have

been presented. Petitioner's claim is time-barred.

This court notes that Petitioner contends that because there is no direct appeal on a guilty plea, his period of limitations did not begin running until the denial of his motion for discretionary review on April 7, 2004. See Response, p. 1 (docket no. 8). This is simply an incorrect reading of the AEDPA as it applies to state prisoners.

### III. Conclusion

In sum, for the foregoing reasons, Respondent is correct that the federal petition here is time-barred. Accordingly, IT IS RECOMMENDED that the motion to dismiss (docket no. 4) be GRANTED for this reason alone without addressing the merits, and that Petitioner's Writ of Habeas Corpus be DENIED.

October 26, 2004.