**Nathaniel BROWN, Petitioner,**

v.

**Jennifer LANGLEY, Respondent.**

**No. 1:04CV00561.**

United States District Court,
M.D. North Carolina.

Nov. 30, 2004.

Nathaniel Brown, Badin, NC, pro se.

Sandra Wallace–Smith, N.C. Department of Justice, Raleigh, NC, for Defendant.

## JUDGMENT

BEATY, District Judge.

On October 26, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). No objections were received by the court within the time prescribed by the statute.

The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss on statute of limitations grounds [Pleading No. 4] be **GRANTED**, that Petitioner's writ of habeas corpus [Pleading No. 1] be **DENIED**, and that this action be dismissed with prejudice. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DIXON, United States Magistrate Judge.

This matter is before the court on Respondent's motion to dismiss on statute of limitations grounds (docket no. 4). Petitioner has responded in opposition to the motion (docket no. 8). This court notes that Petitioner's response is in the form of a motion to dismiss Respondent's motion to dismiss. In this posture, the matter is ripe for disposition.

### I. Background

Petitioner is a state court prisoner serving 180–225 months in the North Carolina Department of Corrections on convictions of possession of a stolen vehicle and pos-

session of cocaine as a habitual felon. Petitioner pled guilty to these and other charges (that were consolidated into the judgment) in the Superior Court of Guilford County on March 3, 1999, Sanford Steelman, Jr., Judge Presiding. Petitioner was represented by Don Spaulding.

After his conviction, Petitioner filed several motions in the state courts. Petitioner filed a Motion for Appropriate Relief (MAR) on February 10, 2003, which was denied on February 18, 2003. Petitioner filed a petition for discretionary relief on March 11, 2003, which was denied on March 18, 2003. Petitioner filed a second MAR on February 24, 2004, which was denied on March 12, 2004. Petitioner filed another petition for discretionary review on April 1, 2004, which was denied on April 15, 2004. On or about May 30, 2004, Petitioner filed this pro-se federal habeas petition.

In his federal habeas petition, Petitioner claims that his convictions are infirm because: 1) the trial court erred by sentencing Petitioner as an habitual felon; 2) defense counsel operated under conflicting interest; 3) defense counsel gave Petitioner erroneous advice to plead guilty, thus rendering Petitioner's plea of guilty unintelligent, involuntary and uninformed; 4) Petitioner was intentionally and flagrantly denied his pretrial criminal procedural rights; 5) the principal felony indictments are insufficient to sustain a habitual felon sentence; 6) the habitual felon sentence must be vacated and the habitual felon indictment dismissed as insufficient because the habitual felon is a status and not a crime; and 7) Petitioner received ineffective assistance of counsel during the sentencing phase of the trial (docket no. 1). Respondent argues that this federal petition was filed outside the statute of limitations set out in the Anti–Terrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, Title 28 U.S.C. § 2244(d)(1). Brief, pp. 2–6 (docket no. 5). Because I believe that Respondent is correct, I will address only the statute of limitations issue.

## II. Discussion

Under the AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed in the federal court within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled while a properly filed state post-conviction proceeding is pending, see 28 U.S.C. 2244(d)(2); and can be tolled to ensure equity in the "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000); *see also Spencer v. Sutton,* 239 F.3d 626 (4th Cir.

2001). Nevertheless, subsequent motions or petitions cannot revive a period of limitation that has already run. *See Minter v. Beck,* 230 F.3d 663 (4th Cir.2000) (federal habeas claim was time-barred when more than one year had elapsed from date of conviction until the petitioner filed his § 2254 petition).

 Petitioner's conviction was final no later than 10 days after he pled guilty on March 3, 1999. See N.C.R. App. P., Rule 4(a) (10 days to file notice of appeal amended to allow 14 days effective October 31, 2001). Because Petitioner did not file a notice of appeal within the required time period, however, his conviction became final for purposes of direct review on March 3, 1999, and his one-year period of limitation under the AEDPA began to run. 28 U.S.C. § 2244(d)(1). Because no state petitions had been filed or were pending at the time, Petitioner's statute of limitations for filing a federal habeas petition ran on March 3, 2000. Petitioner's state proceedings begun after that date did not revive the already expired statute of limitations, and no grounds for equitable tolling have been presented. Petitioner's claim is time-barred.

This court notes that Petitioner seems to contend that, because North Carolina law permits him to raise a MAR at any time, he has one year after the denial of any MAR to petition for habeas relief. Response, ¶¶ 2–3, (docket no. 8). This is simply an incorrect reading of the AEDPA as it applies to state prisoners.

## III. Conclusion

In sum, for the foregoing reasons, Respondent is correct that the federal petition here is time-barred. Accordingly, IT IS RECOMMENDED that the motion to dismiss (docket no. 4) be GRANTED for this reason alone without addressing the merits, and that Petitioner's Writ of Habeas Corpus be DENIED.

October 26, 2004.