**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7187**

_____

TOMMY WAYNE HARRIS, JR.,

              Petitioner - Appellant,

        v.

LEWIS SMITH,

              Respondent - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Frank D. Whitney, Chief District Judge.  (1:13-cv-00182-FDW)

_____

Submitted:  November 15, 2013      Decided:  December 18, 2013

_____

Before SHEDD, KEENAN, and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Tommy Wayne Harris, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Wayne Harris, Jr., seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 (2006) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

On appeal, we confine our review to the issues raised in Harris' brief. See 4th Cir. R. 34(b). Because Harris does not challenge the basis for the district court's disposition, he has forfeited appellate review of the court's order. In any event, we would not find debatable the district court's conclusion that Harris' § 2254 petition was untimely. As the

2

district court correctly explained, the Supreme Court's recent decisions in <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012) and <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012) did not announce a new rule of constitutional law. <u>See</u> <u>In re Perez</u>, 682 F.3d 930, 932-34 (11th Cir. 2012). Moreover, Harris' untimely motion for appropriate relief in state court, which he filed in July 2012, did not serve to toll the one-year statute of limitations under 28 U.S.C. § 2244. <u>See</u> <u>Minter v. Beck</u>, 230 F.3d 663, 665 (4th Cir. 2000). Harris was thus required to file his § 2254 petition by September 16, 2009, but he did not do so until June 27, 2013. Therefore, even if we reached the issue, we would agree with the district court's conclusion that Harris' § 2254 petition was untimely.

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>