**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6853**

HAROLD DEAN KANUPP,

                    Petitioner - Appellant,

          v.

PIEDMONT CORRECTIONAL INSTITUTE,

                    Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Frank D. Whitney, Chief District Judge.  (1:14-cv-00087-FDW)

Submitted:  September 23, 2014      Decided:  September 26, 2014

Before KING, AGEE, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Harold Dean Kanupp, Appellant Pro Se.  Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Dean Kanupp seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Kanupp has not made the requisite showing. The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations for § 2254 petitions; save for exceptions not applicable here, the limitations period runs from "the date on which the judgment became final by the conclusion

2

of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2012). The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2) (2012). The limitations period following Kanupp's finalized conviction expired on December 26, 2007, years before Kanupp filed this federal habeas petition in April 2014. Thus, the limitations period was not tolled because Kanupp's post-conviction actions were filed approximately eighteen months after the limitations period expired. See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000) (concluding a § 2254 petition was "clearly time-barred" when petitioner moved for relief in state court after the federal one-year limitations period expired). Additionally, Kanupp neither claims nor demonstrates he is entitled to equitable tolling, which requires a showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The record shows no extraordinary circumstance or reasonable diligence.

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED